Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5820 | DATE | 1/9/2001 |
| CASE TITLE | Rita Kocian vs. Unknown Chicago Police, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Defendant's motion to dismiss Counts II and III of plaintiff's complaint as to the City (5-1) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 1 1 2001 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| | | | 1/11/2001 date mailed notice | |
| GL | courtroom deputy's initials | 01 JAN 11 PM 12: 39 | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RITA KOCIAN, )
)
    Plaintiff, )
)
    v. ) No. 00 C 5820
)
UNKNOWN CHICAGO POLICE OFFICERS, )
Individually, and as Agents, Servants, and/or )
Employees of CHICAGO POLICE DEPARTMENT, )
and CITY OF CHICAGO, a Body Politic and )
Corporate, )
)
    Defendants. )

DOCKETED
JAN 11 2001

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff, Rita Kocian, brought a complaint against defendants Unknown Chicago Police Officers (the "Officers") and the City of Chicago (the "City") pursuant to 42 U.S.C. § 1983. She alleges §1983 violations, as well as a supplemental state claim of battery against the Officers and the City. Defendant City of Chicago moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts II and III of plaintiff's complaint for failure to state a claim on which relief may be granted. As explained below, we grant the motion.

### BACKGROUND

The following facts are taken from plaintiff's complaint and accepted as true, as we must when deciding a motion to dismiss. *MCM Partners, Inc. v. Andrews-*



*Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). On or about August 25, 1999, plaintiff was arrested and on August 26, 1999, she was placed in a cell in the City of Chicago, as a detainee, by the Officers. Plaintiff alleges that the Officers "knew that plaintiff had a different social economic, and racial, ethnic and/or criminal background than the majority of the other persons kept in the cells." (Pl.Comp. ¶5). Plaintiff also alleges that the Officers "knew that there was a substantial risk that inmates will commit assaults and batteries upon other inmates with different social, economic, racial, ethnic, and/or criminal background than the majority of the other persons kept in the cells." (Pl.Comp. ¶6). Plaintiff alleges that the Officers knew that plaintiff was in danger of assault and battery by other inmates because she was of a different background than the other inmates and that notwithstanding this knowledge, the Officers placed plaintiff in a cell with an inmate with a different background than plaintiff.

On August 26, 1999, plaintiff was assaulted and battered by an inmate sharing her cell. Plaintiff alleges in Count I that the Officers and City violated her Section 1983 rights because they had knowledge that the assault and battery was likely to occur and that during the assault, while plaintiff cried for help, the officers who saw her being beaten did not take steps to prevent the inmate from injuring plaintiff when they had an opportunity to do so. Plaintiff alleges in Count II that the Officers' intentional placement of the plaintiff into the cell, with knowledge that the plaintiff was likely to be battered, constitutes a battery for which the Officers and City are

liable. Finally, plaintiff alleges in Count III that the City is liable through the doctrine of respondeat superior for the alleged battery committed by the Officers.

## ANALYSIS

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not decide the merits of the case. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In considering a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *MCM Partners, Inc.*, 62 F.3d at 972. We should not grant a motion to dismiss unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. *R.J.R. Services, Inc. v. Aetna Casualty and Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

The plaintiff contends that the conduct of the Officers constituted an intentional tort of battery because the Officers intentionally placed plaintiff into the cell with another inmate, "with knowledge that doing so exposed the plaintiff to a substantial likelihood that the plaintiff would be the victim of a battery by another inmate." (Pl.Resp. p.2). According to Illinois law, a battery is committed when "a person intentionally or knowingly and without justification causes bodily harm to an individual or makes physical contact of an insulting or provoking nature with an individual." 720

3

ILCS 5/12-3(a); *People v. Kyles*, 303 Ill.App.3d 338, 352 (1st Dist.1999). Under certain circumstances, Illinois courts allow recovery against a person who aids and abets a battery. *See Sklan v. Smolla*, 95 Ill.App.3d 658 (1st Dist.1981). In *Sklan*, the court stated:

> An individual may be found liable of civil battery where he has not actually physically come into contact with another but has acted to incite, aid or abet the actual assailant or has acted in furtherance of a common plan or design with the assailant. Mere presence when the battery is committed by another, however is not sufficient to hold one liable for battery even where the bystander mentally approves the attack.

*Sklan*, 95 Ill.App.3d at 662. Thus, plaintiff's argument, liberally construed, is that both the Officers, as well as their employer, the City, committed a battery by aiding the actual batterer - the other inmate in plaintiff's jail cell.

The City argues that Counts II and III of the complaint should be dismissed as to it because plaintiff has failed to state a claim for battery against it. If the City is liable at all for the alleged battery committed by the Officers, it is only vicariously. A city could never be held liable for a battery committed upon an individual by a police officer. A municipality has no 'power' to subject individuals to unjustified force or violence. *Turpen v. City of St. Francisville*, 145 Ill.App.3d 891, 896 (1986). Yet liability is regularly imposed upon municipalities for such actions by their employees. *Turpen*, 145 Ill.App.3d at 896; *see also, King v. City of Chicago*, 66 Ill.App.3d 356 (1978) (suit for battery by police officer). In the instant case, count II alleges facts which, if proven, may be sufficient to recover against the Officers based on the common law tort of battery. The City then, would be liable only under the theory of

respondeat superior. *See Turpen*, 145 Ill.App.3d at 895-96. Therefore, plaintiff's additional Count III is unnecessary, and collapses into Count II, and so we will dismiss Count III.

As to Count II, the City may be liable for plaintiff's battery under the doctrine of respondeat superior if the complaint alleges that the Officers committed a battery by their actions, and if these actions were taken in furtherance of their employment. *Webb by Harris v. Jewel Companies, Inc.*, 37 Ill.App.3d 1004, 1006 (1985). Governmental units are liable in tort on the same basis as private tort-feasors unless a valid statute dealing with tort immunity imposes conditions upon that liability, whether negligent torts or willful and wanton torts are involved. *Barnett v. Zion Park District*, 171 Ill.2d 378, 385 (1996) (citing *Krieger v. Village of Carpentersville*, 8 Ill.App.3d 243, 247 (1972)). At this stage in the case, plaintiff has alleged enough facts to state a cause of action for battery against the Officers. Plaintiff alleges that because the Officers "knew" that her background was different from most of the other inmates, that the Officers knew to a substantial certainty that a battery was likely to occur. Plaintiff's allegations are tenuous (we find no cases stating that an intentional battery is committed when police officers knowingly place a person of one racial, ethnic, and socio-economic background with an inmate of a different background allegedly knowing a battery is likely because of those differences). However, we need not determine whether plaintiff has successfully stated a cause of action for battery

against the City, because we grant the City's motion to dismiss the battery claim on other grounds.

Assuming, arguendo, that the Officers knew plaintiff was likely to sustain a battery, we still find that the City is not liable for plaintiff's state law claim for battery. The City argues that the Local Governmental and Governmental Employees Tort Immunity Act (the "Tort Immunity Act") precludes holding the City liable for the tortious acts of an inmate in the City lock-up. We agree. Section 4-103 of the Tort Immunity Act provides:

> Neither a local public entity nor a public employee is liable for failure to provide jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in the Section requires the periodic inspection of prisoners.

745 ILCS 10/4-103. Plaintiff argues that this immunity is not absolute; that there is an exception for willful and wanton conduct.[1] However, the only exception we have found applies where the actions of the municipality's agent, not the municipality itself, showed a special relationship with the plaintiff that created a duty different from the duty owed to the general public. *Doe v. Calumet City*, 161 Ill.2d 364, 385-86 (1994) (citing *Gardner v. Village of Chicago Ridge*, 71 Ill.App.2d 373, 380, 219 N.E.2d 147 (1966) (finding "special duty" exists to exercise reasonable care where police call plaintiff into position of peril)). Plaintiff has not alleged any "special duty" existed that would call into play any such exception to the Tort Immunity Act. Moreover, the

---

[1] At the same time, plaintiff concedes in her response to the City's motion that the Illinois Appellate court has held that there is no exception for willful and wanton conduct. *See Jefferson v. Sheehan*, 279 Ill.App.3d 74 (1st Dist.1996).

cases finding such an exception do not address section 4-103. *See, e.g., Barth v. Board of Education*, 141 Ill.App.3d 266, 278 (1986) (discussing the special duty exception as it applies to Section 4-102 of the Tort Immunity Act). Courts have found exceptions only where the Tort Immunity Act expressly provides for exceptions for willful and wanton conduct, and Section 4-103 does not. *See, e.g.*, 745 ILCS 10/4-105, 10/2-202, 10/3-106 (all with plain language providing exceptions to immunity for "willful and wanton conduct"). Plaintiff makes no argument as to why the exception should extend beyond its traditional application, and we feel that there is no reason that we should extend it here.

Plaintiff, citing *Payne v. Churchich*, 161 F.3d 1030 (7th Cir. 1998), argues that the Seventh Circuit found that the City and its employees are not immune from willful and wanton conduct under section 4-103 of the Tort Immunity Act and that we are bound to follow the Seventh Circuit's decision. However, plaintiff misinterprets the Court's decision in *Payne*. In *Payne*, the Court held that the county was immune from liability for failing to provide a sufficient jail facility under Section 4-103 of the Tort Immunity Act. *Payne*, 161 F.3d at 1045. The Court went on to hold that the Tort Immunity Act did not immunize the sheriff from liability for state claims for acting in a willful and wanton manner. *Id.*, at 1046. Plaintiff argues that because the Court found an exception for the sheriff, that there is an exception for all defendants for willful and wanton misconduct. This is simply incorrect. Under the specific facts of that case, the sheriff was not immune from liability. That does not mean that the City

7

is therefore immune from liability here. The Seventh Circuit made it quite clear in *Payne* that municipalities are absolutely immune under Section 4-103. We support that conclusion.²

**CONCLUSION**

For the foregoing reasons we dismiss counts II and III of plaintiff's complaint as to the City. It is so ordered.

_____
Marvin E. Aspen, District Court Judge

Dated: 1/9/01

---

²The City also argues that it is immune from liability because of Section 2-204 of the Tort Immunity Act. Section 2-204 states: "a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." 745 ILCS 10/2-204. Moreover, "a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. Therefore, the City argues that under 2-204, if the Officers are not liable for the battery suffered by plaintiff because it was committed by a third party, the Tort Immunity Act precludes liability for the City, even if the injury was a result of an act or omission of the Officers. It is unnecessary for us to address the question of whether this argument is in fact true, because we find that the City is immune from liability under Section 4-103.